**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| EVELYN PANNELL and KAIL JAMARI, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>KEYVIEW LABS, INC. and DOES 1-10,<br><br>  Defendants. | Case No. 5:18-cv-02508-SL<br><br>Honorable Judge Sara Lioi<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now come the Plaintiffs, EVELYN PANNELL ("Pannell") and KAIL JAMARI ("Jamari"), individually and on behalf of all others similarly situated, by and through their attorneys, and for their First Amended Class Action Complaint against the Defendants, KEYVIEW LABS, INC. ("Keyview") and DOES 1-10, Plaintiffs alleges and states as follows:

**PRELIMINARY STATEMENTS**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully placing through their agent(s), automated, sales, solicitation, and/or other telemarketing calls to Plaintiffs' cellular telephone, in violation of the TCPA and related regulations, specifically the National Do-Not-Call and internal do-no-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiffs' privacy. Plaintiffs alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. According to the Federal Communications Commission's website, accessed on August 17, 2018 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register …[T]ell unwanted callers that you do not consent to the call and to put you on their internal do not call list.

3. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

6. Persons, like Plaintiffs herein, have no control to stop unsolicited unwanted calls to their cellular telephones.

7. Plaintiffs received numerous unsolicited, automated sales calls to their cellular telephone, all because Defendants wished to advertise and market Keyview's products and/or services for its own benefit.

## JURISDICTION AND VENUE

8. This Court had jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

10. Plaintiff Pannell is an individual who was at all relevant times residing in Streetsboro, Ohio.

11. Plaintiff Jamari is an individual who was at all relevant times residing in Sacramento, California.

12. On information and belief, Defendant Keyview is a corporation of the State of Delaware, which is not authorized to do business in Ohio, and whose principal place of business is located in Tampa, Florida.

13. On information and belief, at all times relevant hereto, Keyview was engaged in the marketing and sale of brain supplements.

14. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1-10, inclusive, are currently unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave

3

of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Does when such identities become known.

15. Each of the defendants sued herein was the principal, agent, or employee of the other, and was acting within the scope of such agency or employment. Each defendant sued herein was the co-conspirator of the other and was acting within the course and scope of a conspiracy formed amongst each of them. Each defendant sued herein aided and abetted each other with the intent that each would be successful in their mutual endeavors. Each defendant sued herein received money or property as a result of the conduct described herein without consideration therefore and/or with knowledge that the money or property was obtained as a result of the wrongful conduct described herein.

16. Plaintiffs are each a "person" as defined by 47 U.S.C. § 153 (39).

17. Defendants are each a "person" as defined by 47 U.S.C. § 153(39).

**FACTS COMMON TO ALL COUNTS – PLAINTIFF PANNELL**

18. On or about February 6, 2010, Pannell successfully registered her residential telephone number ending in -2602 with the National Do-Not-Call Registry.

19. During or about March 2018, Defendants began placing unsolicited automated telemarketing telephone calls to Pannell.

20. When Pannell would answer Defendants' telephone calls, she experienced a long pause before a live representative would begin speaking, which is indicative of an automatic telephone dialing system.

21. Defendants' calls to Pannell constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

22. Pannell has not recently sought out Keyview's services nor has Pannell recently attempted to retrieve information from Keyview about its services.

23. Over the course of approximately two months, Pannell received approximately 20 unsolicited automated telemarketing telephone calls from Keyview.

24. Pannell called the telephone number back which appeared on her caller ID in an effort to have her telephone number placed on Keyview's internal do-not-call list.

25. The agent of Keyview with whom Pannell spoke informed her that her telephone number had been included in Keyview's automatic telephone dialing system.

26. Pannell requested of said agent that Defendants cease placing calls to Pannell's telephone number ending in -2602.

27. Said agent of Keyview told Pannell that Keyview would take her telephone number off its autodialer.

28. Despite Pannell's unequivocal request that Defendants cease placing telephone calls to her telephone number ending in -2602, Defendants continued to place unsolicited, automated telemarketing telephone calls to said telephone number.

## FACTS COMMON TO ALL COUNTS – PLAINTIFF JAMARI

29. Beginning during or about February 2018, Defendants contacted Jamari on his cellular telephone, number ending in -6273 in an effort to sell or solicit Keyview's products and/or services.

30. Jamari never provided Defendants with consent to contact him on his cellular telephone.

31. Defendants' calls to Jamari constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

5

32. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Jamari incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

33. Jamari is not a customer of Keyview's services and has never provided any personal information, including his cellular telephone numbers, to Defendants for any purpose whatsoever.

34. In addition, Jamari told Defendants at least once to stop contacting him and he has been registered on the National Do-Not-Call Registry for at least thirty (30) days prior to Defendants contacting him.

35. Accordingly, Defendants never received Jamari's' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

36. As a result of Defendants' acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiffs' cellular telephone;

    c. Wasting Plaintiffs' time;

    d. Risk of personal injury due to interruption and distraction when receiving unwanted telemarketing calls from Defendants;

    e. Depletion of Plaintiffs' cellular telephone battery;

    f. The cost of electricity to recharge Plaintiffs' cellular telephone battery; and

    g. Stress, aggravation, frustration, emotional distress and mental anguish.

## **CLASS ALLEGATIONS**

37. Plaintiffs brings this action on behalf of themselves and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons or entities within the United States who received any automated telephone calls, placed by or on behalf of Defendants, without the consent of the recipient, within four years prior to the filing of this Complaint.

38. Plaintiffs represent, and are members of, a sub-class (the "National Do-Not-Call Sub-Class"), defined as follows:

> All residential telephone subscribers within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any 12-month period, within four years prior to the filing of the complaint.

39. Plaintiffs also bring this action on behalf of themselves and all others similarly situated, as members of another proposed sub-class (the "Internal Do-Not-Call Sub-Class"), defined as follows:

> All residential telephone subscribers within the United States who requested that Defendants not place calls to them for telemarketing purposes, who received at least one such call made by or on behalf of Defendants that promoted Defendants' products or services, more than 30 days after the date such request was made, and within four years prior to the filing of the complaint

40. Defendants, their employees and agents are excluded from the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class. Plaintiffs do not know the number of members in the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-

Call Sub-Class, but believe the members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

41. The Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon alleges that the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class include hundreds, if not thousands of members. Plaintiffs allege that the class members may be ascertained by the records maintained by Defendant.

42. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

43. There are questions of law and fact common to the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

    a. Whether the Class members' telephone numbers were called by Defendants using an automatic telephone dialing system without Defendants having obtained prior express consent to place such calls;

    b.    Whether the National Do-Not-Call Sub-Class members' telephone numbers were called by Defendants more than 30 days after the date the members registered their numbers on the National Do-Not-Call Class registry;

    c.    Whether the Internal Do-Not-Call Sub-Class members' telephone numbers were called by Defendants more than 30 days after the date the members requested their numbers be added to Defendants' internal do-not-call list;

    d.    Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing automated telephone calls to the class members without proper consent;

    e.    Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the National Do-Not-Call Sub-Class members without proper consent; and

    f.    Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the Internal Do-Not-Call Sub-Class members without proper consent.

44.    As residents of the United States whose telephone numbers were called by Defendants using an automatic telephone dialing system, on multiple occasions, without Plaintiffs' prior express consent, more than 31 days after Plaintiffs had registered their telephone numbers on the National Do-Not-Call Registry, and more than 30 days after Plaintiffs requested their numbers be added to Defendants' internal do-not-call list, Plaintiffs asserts claims that are typical of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class.

45.    Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class.

46. Plaintiffs will fairly and adequately protect the interests of the members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

47. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class, National Do-Not-Call Sub-Class, and Internal Do-Not-Call Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

48. The prosecution of separate actions by individual members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

49. Defendants have acted or refused to act in respect generally applicable to the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class, thereby making

appropriate final and injunctive relief with regard to the members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class as a whole.

50. Defendants failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b), and 47 C.F.R. § 64.1200(c) and (d), as to the Class, National Do-Not-Call Sub-Class, and Internal Do-Not-Call Sub-Class members, with respect to the above-alleged transactions.

51. 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

52. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

53. 47 C.F.R. § 64.1200(d) provides that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
> …
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person

11

>or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

54. In multiple instances, Defendants placed calls to the Class members using an automatic telephone dialing system, without the members' prior express consent, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

55. In multiple instances, Defendants placed calls to the National Do-Not-Call Sub-Class members without the members' consent, and after the members registered with the federal government's Do-Not-Call list, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

56. In addition, on information and belief, Defendants have not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

57. The size and definition of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class can be identified through Defendants' records and/or Defendants' agents' records.

## COUNT I
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(1)(A)(iii)

58. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 57 above as if reiterated herein.

59. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b)(1)(A)(iii).

60. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

61. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(1)(A)(iii)

62. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 61 above as if reiterated herein.

63. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b)(1)(A)(iii).

64. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

65. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 C.F.R. 64.1200(c)

66. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 65 above as if reiterated herein.

67. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

68. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

69. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT IV
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 C.F.R. 64.1200(c)

70. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 69 above as if reiterated herein.

71. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

72. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

73. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT V
### NEGLIGENT VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 C.F.R. 64.1200(d)

74. Plaintiffs incorporates all of the allegations and statements made in paragraphs 1 through 73 above as if reiterated herein.

75. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

76. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

77. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT VI
### KNOWING AND/OR WILLFUL VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 C.F.R. 64.1200(d)

78. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 77 above as if reiterated herein.

79. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

80. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

81. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment against Defendants as follows:

a. An order certifying the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class and appointing Plaintiffs as Representatives of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class;

b. An order certifying the undersigned counsel as the Class Counsel, the National Do-Not-Call Sub-Class Counsel, and the Internal Do-Not-Call Sub-Class Counsel;

c. An order requiring Defendants, at their own cost, to notify all members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class of the unlawful, unfair, deceptive and unconscionable conduct herein;

d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e. Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

g. Judgment against Defendants for Plaintiffs' court costs and other litigation costs; and

h. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action so triable, except for any issues relating to the amount of costs to be awarded should Plaintiffs prevail on any of their claims in this action.

RESPECFULLY SUBMITTED,

EVELYN PANNELL and KAIL JAMARI

By: /s/ David B. Levin
Attorney for Plaintiffs
Ohio Attorney No. 0059340
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 6, 2019, a copy of the foregoing First Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiffs